Filed 12/30/24  In re E.J. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re E.J., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>E.J.,<br><br>    Defendant and Appellant. | E084410<br><br>(Super. Ct. No. J282759)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Bryan K. Stodghill, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

I.

INTRODUCTION

This is an appeal from an order transferring[1] the murder and robbery charges

against defendant and appellant E.J. (minor) from juvenile court to adult court.

Following a transfer hearing, the juvenile court transferred minor's case to adult court.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436

(*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to

conduct an independent review of the record.  In addition, minor has had an opportunity

to file a supplemental brief with this court and has not done so.  Based on our

independent review of the record, we find no error and affirm the order.

II.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Summary of Factual Background*[2]

On September 17, 2019, D.S., F.G., and P.S. picked up then 17-year-old minor at a

Circle K near Del Rosa Avenue and Date Street in San Bernardino.  They drove to the

parking lot at Del Rosa Avenue and Highland Avenue.  The victim arrived in a truck.

---

[1] Proposition 57 eliminated the term "fitness hearing" and substituted the term "transfer hearing."  (Welf. & Inst. Code, § 707, subd. (a); *In re J.M.* (2024) 103 Cal.App.5th 745, 749.)  In addition, Assembly Bill No. 624 amended Welfare and Institutions Code section 801 to provide that transfer orders entered after January 1, 2023, could be appealed.  (Stats. 2021, ch. 195,§1(2021-2022 Reg. Sess.)

[2] It is presumed in a fitness or transfer hearing that the juvenile committed the offenses charged.  (*People v. Superior Court* (*Jones*) (1998) 18 Cal.4th 667, 682.)

The victim was a drug dealer who minor believed had money. The juveniles planned to rob the victim.

F.G. and minor exited their vehicle, while P.S. and D.S. remained in the car. F.G. and minor went to the victim's truck. F.G. entered the front passenger seat at the victim's request. Thereafter, according to D.S., minor fired two shots into the truck. The victim was struck in the head which caused his death. F.G. was accidentally hit in the neck. Minor and his confederates pulled the victim out of his truck, as well as F.G. They then drove F.G. to the hospital and left him there. Minor left the scene driving the victim's truck.

B. *Procedural Background*

On October 10, 2019, a petition pursuant to Welfare and Institutions Code section 602 was filed alleging that minor committed murder (Pen. Code, § 187, subd. (a)) and robbery (Pen. Code, § 211). The petition requested a transfer hearing under Welfare and Institutions Code section 707, subdivision (a)(1), to determine whether minor should be tried in adult court.

The transfer hearing commenced on September 9, 2020, and concluded on October 2, 2020. On November 6, 2020, the trial court concluded that minor's case should be transferred to adult court.

Effective January 1, 2023, the Legislature enacted Assembly Bill No. 2361, which raised the legal standard for a juvenile case to be transferred to adult court from a preponderance of the evidence to clear and convincing evidence. (Stats. 2022, ch. 330,

3

§1; *In re T.A.* (2023) 90 Cal.App.5th 347, 351.)  Minor's case was thereafter returned to juvenile court pursuant to Assembly Bill No. 2361.

On February 8, 2023, the trial court reinstated the transfer petition.  The second transfer hearing was held on May 7, 2024.

Following testimony, on August 2, 2024, the juvenile court transferred minor's case to adult court.  Minor timely appealed.

C.  *Testimony from First Transfer Hearing*

San Bernardino County Probation Officer Marcus Lopez investigated minor's case and prepared the transfer report.  Probation Officer Lopez concluded minor was not eligible for disposition in juvenile court after considering the five factors in Welfare and Institutions Code section 707, subdivision (a)(3)(A) through (E).  Probation Officer Lopez explained that the murder was premeditated and callous.  Minor had brought the firearm to the location of the murder and told his friend that he planned to rob the victim. Minor shot the victim twice to make sure he was dead.  Minor opened the car door dragged the victim out of it, and left him on the ground without providing any life-saving assistance or caring whether he was dead or alive.  Minor then took the victim's vehicle as he needed to escape from the area.  Furthermore, minor was only about 60 days away from his 18th birthday when he committed the crimes, and minor drove F.G. to the hospital and threw him to a nurse and fled the scene without regard to F.G.'s welfare. Based on his training and experience, minor knew the consequences of his criminal behavior and understood the risks involved in his actions.

Probation Officer Lopez believed minor could not be rehabilitated prior to the expiration of juvenile court jurisdiction. Minor was 19 at that time, and the minimum parole date for murder was to the age of 25 or seven years. There were only six years remaining for minor to be treated in the juvenile justice system. Minor was either a member of a criminal street gang or associated with one. In addition, minor stated he sold drugs for his neighborhood gang and began using drugs, including methamphetamine and PCP, at six years old with his father who was a documented gang member. Minor's father brought him up in a gang lifestyle and treated minor as such rather than a son. Minor also claimed to be in a gang while in juvenile hall. Probation Officer Lopez located minor's social media account which suggested he had a gang lifestyle. Minor's Facebook account contained a photograph of minor with two of his friends involved in the current incident. The caption stated the two people were minor's friends and that he would kill for them. Probation Officer Lopez acknowledged that minor had successfully completed a grant of summary probation, but concluded minor was not eligible for juvenile court based on the totality of the facts which included the premeditated nature of the crime, the fact minor brought a firearm to the scene of the incident accompanied by other known gang members, and his failure to show any compassion towards the victim.

The defense evidence consisted of testimony from a social worker and a psychologist. Summer Whiting, a Los Angeles County Department of Children and Family Services social worker, testified that minor was one of her clients. She became

5

involved with minor because the mother of minor's son lost custody and the child was placed with minor. Whiting worked with minor to provide him with services and to find stable housing. Minor was not a dependent of the court. She explained that minor attended mental health services during the time period she worked with him and participated in the services offered to him. Minor tried to make sure his son was safe, had stable housing, and accepted services to help him be a better father. Whiting also explained that minor showed initiative to change his life including attending therapy and parenting classes and that he had shown a great deal of growth.

Psychologist Dr. Marjorie Graham Howard evaluated minor for fitness for the juvenile court system and prepared a report. She also reviewed documents pertaining to minor including the police reports and the probation report. Minor intelligence quota (IQ) was far below the average range and suggested that he had an intellectual disability. Minor was functioning between the second and fourth-grade level. Minor's responses to the Rorschach test and the Brief Symptom Inventory suggested a cry for help. Minor had a number of symptoms including depression, anxiety, and somatic complaints including not feeling well physically. Minor also had poor social and coping skills.

Dr. Graham-Howard also diagnosed minor with post-traumatic stress disorder because of the trauma he had experienced. Dr. Graham-Howard evaluated minor using the Structured Assessment of Violence in Risk test. The test examined historical factors, social and contextual risk factors, and individual and clinical factors. Minor had several risk factors, such as a history of maltreatment and parental/caregiver criminality. Minor

6

was not responsible for the maltreatment, but it was a risk factor for juvenile recidivism. Minor suffered a significant amount of childhood trauma, including physical and emotional abuse and participating in criminal conduct by his father. Minor's participation with a gang was a risk factor and his conduct while in juvenile hall was negative and positive. A protective factor was minor's resilient personality and positive attitude towards authority and intervention, as minor had responded well to interventions. Minor's mother was seriously injured in an automobile accident and unable to care for minor. As such, minor was in a quasi-homeless situation with nobody to take care of him. Dr. Graham-Howard believed minor was criminally sophisticated, but that he could be rehabilitated in the juvenile justice system. The Department of Juvenile Justice had the authority to extend minor's incarceration beyond the age of 25 years in certain circumstances. Minor had a limited criminal history for a misdemeanor conviction for stabbing another student on the school bus who was bullying him. There had been little effort to rehabilitate minor. He had one prior criminal case and successfully completed probation.

D. *Testimony from the Second Transfer Hearing*

At the second transfer hearing, the juvenile court took judicial notice of the evidence from the prior transfer hearing. Probation Officer Lopez again testified, and stated he had not changed his opinion that minor's case should be transferred to adult court. Lopez had reviewed minor's disciplinary record while in custody since the first transfer hearing. During that time, minor had committed batteries on another inmate in

7

August and October 2021, and May 2022. Minor's behavior in the county jail had not demonstrated that he had changed.

Rebecca Lonnstrom, a San Bernadino County deputy probation officer, was involved in screening minor for the ARISE program, a county version of the State Department of Juvenile Justice. The unit housed offenders found guilty of Welfare and Institutions Code section 707, subdivision (b), offenses, but they remained in juvenile court jurisdiction. Probation Officer Lonnstrom found that minor was eligible for participation in the ARISE program, but he was unsuitable for the program because of the severity of his offense, history of delinquency, and the risk he posed to other youths. Minor's level of criminal sophistication had increased in the three and one-half years that he had been in custody. He had been in multiple fights in juvenile hall and this conduct continued when he was transferred to adult custody. In addition, minor had a pending misdemeanor case for battery on an officer. Minor did not present any further evidence.

III.

DISCUSSION

After minor appealed, this court appointed counsel to represent him. Upon examination of the record, counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issue of whether the juvenile court abused its discretion by transferring minor's case from juvenile to adult court.

We offered minor an opportunity to file a personal supplemental brief, and he has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant minor, would result in reversal or modification of the judgment. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to minor.

IV.

DISPOSITION

The order transferring minor's case to adult court is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

RAPHAEL
J.

9